IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00896-BNB

TRAVIS BERNARD COLVIN,

Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 26 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

Applicant, Travis Bernard Colvin, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Limon Correctional Facility. Mr. Colvin initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Colvin is challenging the validity of his conviction and sentence in Case No. 87CR208, in the Arapahoe County District Court.

In an order filed on April 27, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On May 17, 2010, Respondents submitted a pre-answer response. After receiving an extension of time, Mr. Colvin filed a reply on June 23, 2010.

The Court must construe liberally the Application filed by Mr. Colvin because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

I.  Background and State Court Proceedings

After a trial to the court, Mr. Colvin was convicted of several criminal offenses, including first degree sexual assault, attempted first degree murder and first degree burglary. Pre-Answer Resp. at 3. On May 25, 1988, the trial court sentenced Mr. Colvin to 161 years and one day in Colorado Department of Corrections (DOC). *Id.* at Ex. B, p. 7. Mr. Colvin filed a direct appeal to the Colorado Court of Appeals (CCA). On November 1, 1990, the CCA reversed Mr. Colvin's convictions for second degree burglary, second degree kidnapping, and second degree assault on the handicapped, and remanded the case for entry of judgment of conviction for third degree assault on the handicapped. *See People v. Colvin*, No. 88CA1225 (Colo. App. Nov. 1, 1990) (unpublished opinion) (Pre-Answer Resp. at Ex. C). As a result, the trial court resentenced Mr. Colvin 138 years and one day in the DOC. Pre-Answer Resp. at 4.

In June of 1993, Mr. Colvin filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c), arguing that he was provided ineffective assistance of trial counsel ("first post-conviction motion"). *Id.* The trial court appointed

counsel and held two evidentiary hearings on the motion. *Id.* at 5. On October 18, 1995, the trial court denied the motion. *Id.* at Ex. D. Mr. Colvin filed an appeal, and on October 17, 1996, the CCA affirmed the trial court's denial of the first post-conviction motion. *See People v. Colvin*, No. 95CA2076 (Colo. App. Oct. 17, 1996) (unpublished opinion) (Pre-Answer Resp. at Ex. F). Mr. Colvin filed a petition for certiorari review with the Colorado Supreme Court (CSC), which the CSC denied on May 19, 1997. *Id.* at Ex. H.

On June 5, 1997, Mr. Colvin filed a *pro se* motion for post-conviction relief pursuant to Rule 35(c) ("second post-conviction motion"). Pre-Answer Resp. at Ex. J, p. 3. Over the next several years, two attorneys were appointed to represent Mr. Colvin, and additional motions were filed on his behalf. *Id.* After a hearing on February 26, 2003, the trial court denied the second post-conviction motion. *Id.* at Ex. I, p. 5. Mr. Colvin filed an appeal. On February 24, 2005, the CCA reversed the trial court and remanded the case with directions for the trial court to make a determination on whether Mr. Colvin had abandoned the speedy trial issue he raised on appeal. *See People v. Colvin*, No. 03CA0733 (Colo. App. Feb. 24, 2005) (unpublished opinion) (Pre-Answer Resp. at Ex. J).

On remand, after considering the issues directed by the CCA, the trial court again denied Mr. Colvin's second post-conviction motion. Pre-Answer Resp. at Ex. L, p. 4. Mr. Colvin filed a notice of appeal, and the CCA affirmed the trial court on

February 14, 2008. *See People v. Colvin*, No. 06CA0070 (Colo. App. Feb. 14, 2008) (unpublished opinion) (Pre-Answer Resp. at Ex. L). Mr. Colvin then filed a petition for certiorari review, which the CSC denied on May 29, 2008. Pre-Answer Resp. at Ex. N, p. 2.

Mr. Colvin filed a *pro se* "Petition for Postconviction Relief" on August 7, 2008, which the trial court denied on October 2, 2008 ("third post-conviction motion"). *Id.* Mr. Colvin filed a notice of appeal, and the CCA affirmed the trial court on November 12, 2009. *See People v. Colvin*, No. 08CA2205 (Colo. App. Nov. 12, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. P). Mr. Colvin filed a petition for certiorari review, which the CSC denied on April 5, 2010. Pre-Answer Resp. at Ex. R.

Mr. Colvin then filed the instant Application, which was received by the Court on April 16, 2010. Respondents concede that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Colvin asserts three claims for relief as follows:

> (1) He received ineffective assistance of trial counsel because:
>
>> (a) Trial counsel failed to investigate the potential testimony of Mr. Colvin's co-defendants before deciding not to call them as witnesses; and
>>
>> (b) Trial counsel failed to object on speedy trial grounds to the trial court's declaration of a mistrial.
>
> (2) He received ineffective assistance of appellate counsel on direct appeal because:

(a) Appellate counsel challenged only three of his prior convictions, rather than challenging all of them; and

(b) Appellate counsel failed to raise the speedy trial issue.

(3) His right to a speedy trial was violated when the trial court declared a mistrial, resulting in a total delay of approximately ten months between his arrest and trial.

Respondents argue that all of Mr. Colvin's claims have been procedurally defaulted in state court, and therefore, that he cannot obtain federal habeas review of his claims.

II.    Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Colvin's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An

applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

A. Claim One

Mr. Colvin's first claim has two subparts, in which he asserts two theories of ineffective assistance by his trial counsel.

1. Claim 1(a)

In this claim, Mr. Colvin asserts that his trial counsel was ineffective for failing to investigate the potential testimony of Mr. Colvin's co-defendants before deciding not to call them as witnesses. Application at 9-10.

Respondents first argue that claim 1(a) is unexhausted because Mr. Colvin has never raised this claim in the state courts. The Court disagrees. In the claim that Mr. Colvin raises before this Court, he asserts that he:

> [A]damantly and relentlessly requested that his trial counsel speak to and subpoena co-defendants Otis Bell and Glen Jones to his trial. Mr. Colvin informed his trial counsel that Bell and Jones could and would give exculpatory testimony in Mr. Colvin's defense . . . . Mr. Colvin's trial counsel did no pre-trial investigation of the co-defendants as witnesses on Mr. Colvin's behalf, he made no effort whatsoever to speak with [them], . . . and they were not subpoenaed to Mr. Colvin's trial.

Application at 9. Likewise, in Mr. Colvin's appeal of his first post-conviction motion, he raised the claim that his trial attorney was deficient for failing to obtain the testimony of his co-defendants, arguing that "greater effort should have been made to obtain their testimony." Pre-Answer Resp. at Ex. E, p. 7. He further argued that his co-defendants would have provided exculpatory evidence, and that his trial counsel was deficient for failing to subpoena them. *Id.* The Court finds that Mr. Colvin's allegations in his first post-conviction motion were sufficient to exhaust this claim. *See id.*

Respondents next argue that, even assuming this claim is exhausted, it is subject to anticipatory procedural default, because the claim was denied in state court on an independent and adequate state ground. That is, when Mr. Colvin appealed the denial of his first post-conviction motion to the CCA, the CCA denied his motion on the following grounds:

> The transcript of the hearing on August 30, 1995, which contains counsel's testimony, is not part of the record on appeal. It is the duty of a defendant appealing a judgment of conviction to provide those portions of the record necessary to substantiate his claims on appeal. In the absence of such a record, appellate courts must presume that the actions of the trial court were correct.

Pre-Answer Resp. at Ex. F, p. 4. Respondents assert that, under Colorado state law, "an appellant must provide the reviewing court with the portions of the trial court record needed to address the appellant's claims." Pre-Answer Resp. at 16 (citing Colo. R. App. Pro. 10(b)). Respondents argue that this was an adequate and independent state law ground for denying the appeal. *Id.* at 17.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. To be adequate, a state procedural ground must have been firmly established and regularly followed when the purported default occurred." *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (quotations omitted); *see also Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (state procedural ground is not "adequate" unless rule is "strictly or regularly followed"). It is well established in Colorado that it is the duty of the appellant to supply the record on appeal. *See, e.g., People v. Clendenin*, 232 P.3d 210, 216 (Colo. App. 2009) (finding that "Defendant bears the burden of providing the reviewing court with an adequate record that sets forth his or her appellate claims' factual underpinnings.") (citing *People v. Rodriguez*, 914 P.2d 230, 260 (Colo. 1996) (holding the appellant "bears the responsibility to designate the record on appeal and to ensure its transmission to the appellate court.")). Accordingly, the Court finds that claim 1(a) was rejected on the basis of an independent and adequate state procedural ground during Mr. Colvin's appeal of his first post-conviction motion.

However, this is not the end of the discussion of claim 1(a). Mr. Colvin filed a second post-conviction motion. Pre-Answer Resp. at 6. In his second post-conviction motion, Mr. Colvin raised claims that: (1) trial counsel was ineffective because he failed to advise Mr. Colvin that he did not have to waive his right to speedy trial after the trial court declared a mistrial; (2) appellate counsel was ineffective because he failed to raise the speedy trial issue on direct appeal; and (3) first post-conviction counsel was

9

ineffective because he failed properly to designate the record during Mr. Colvin's appeal of his first post-conviction motion. *Id.* at Ex. J, p. 3-4.

The trial court denied relief on the second post-conviction motion, and the CCA on appeal remanded the case for the trial court to determine whether Mr. Colvin had abandoned the speedy trial issue. *Id.* at Ex. J, p. 7. On remand, the trial court again denied Mr. Colvin's second post-conviction motion. *Id.* at Ex. L, p. 4-5. Mr. Colvin appealed to the CCA. During this appeal of his second post-conviction motion, Mr. Colvin again argued that counsel on his first post-conviction motion was ineffective for failing properly to designate the appellate record. *Id.* at 8. Mr. Colvin asserted that his first post-conviction counsel prevented the appellate court from reviewing the merits of the claim at issue here--that Mr. Colvin's trial counsel was ineffective for failing to procure the testimony of Mr. Colvin's co-defendants. *Id.*

The CCA denied Mr. Colvin's appeal of his second post-conviction motion, finding, *inter alia*, that Mr. Colvin had not demonstrated ineffective assistance on his first post-conviction appeal. *Id.* at Ex. L, p. 7-9. In addressing Mr. Colvin's claim of ineffective assistance of first post-conviction appeal, the CCA found that Mr. Colvin could not prove any prejudice with respect to that counsel's failure to properly designate the appellate record. *Id.* at 8-9. The CCA noted that the testimony presented during a previous post-conviction hearing demonstrated that neither of Mr. Colvin's co-defendants would have been willing to testify at his trial. *Id.* at 8-9. Accordingly, the CCA found that Mr. Colvin could not demonstrate that counsel on first post-conviction

appeal was ineffective, because Mr. Colvin did not demonstrate "a reasonable probability that the outcome of his appeal would have been different if counsel had designated the transcripts of the hearing as part of the record." *Id.* at 9. Most important to the proceedings in this Court is the fact that, in addressing the merits of Mr. Colvin's state court claim of ineffective assistance of post-conviction counsel, the CCA also effectively addressed the merits of his federal claim of ineffective assistance of trial counsel that Mr. Colvin presents here. It reasonably follows that if the evidence presented in the state court demonstrated that neither of Mr. Colvin's co-defendants would have been willing to testify at his trial, Mr. Colvin was therefore not prejudiced by his trial counsel's alleged failure to investigate or subpoena these witnesses for trial.

The Supreme Court has instructed that the courts must "look to the *last* state court decision disposing of a federal claim, and not some intermediate decision, to determine whether the claim is procedurally barred." ***Alverson v. Workman***, 595 F.3d 1142, 1164 (10th Cir. 2010) (Tymkovich, J., concurring) (emphasis in orginal) (citing *Coleman*, 501 U.S. at 735). "Only if the last state court opinion to address the claim ignores the procedural bar and reaches the merits may [the federal court] follow suit." *Id.* at 1164-65 (citing ***Yist v. Nunnemaker***, 501 U.S. 797, 801 (1991) (holding "[i]f the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.")). In this case, the last court to address Mr. Colvin's claim of ineffective assistance of trial counsel, based upon trial counsel's failure to subpoena his co-defendants, addressed

the claim on the merits, regardless of its previous finding that Mr. Colvin had procedurally defaulted that claim. Accordingly, on this basis the Court rejects Respondents' argument that this claim is procedurally barred. The Court finds that claim 1(a) has been reviewed on the merits by the state courts, and is now ripe for federal habeas review.

2. Claim 1(b)

In this claim, Mr. Colvin asserts that trial counsel provided ineffective assistance by failing to object on speedy trial grounds to the trial court's declaration of a mistrial. Application at 10. Respondents argue that this claim is procedurally defaulted on an independent and adequate state ground "because Colvin abandoned the claim after raising it in his first postconviction motion." Pre-Answer Resp. at 20.

Mr. Colvin raised this issue in his appeal of his second post-conviction motion, filed with the CCA on December 24, 2003. *See* Pre-Answer Resp. at Ex. I, p. 7-8. On February 24, 2005, the CCA remanded the case to the trial court with orders to determine whether Mr. Colvin had abandoned the "mistrial-speedy trial issue." *See People v. Colvin*, No. 03CA0733 (Colo. App. Feb. 24, 2005) (unpublished opinion) (Pre-Answer Resp. at Ex. J). After a hearing, the trial court on remand found that Mr. Colvin had abandoned his "mistrial-speedy trial argument" and had also failed to show justifiable excuse or excusable neglect for the late filing. Pre-Answer Resp. at Ex. L, p. 4. After Mr. Colvin filed an appeal, the CCA found as follows:

> Defendant timely raised the mistrial-speedy trial issue in his 1993 [first] Crim. P. 35(c) motion. However, the district court did not address this

> issue in its [responsive] 1995 order. Defendant did not bring this to the
> court's attention or request a separate ruling on that claim, and did not
> raise this issue against until 2002. Because defendant did not reassert
> this issue until seven years after the 1995 order, the district court's finding
> that defendant abandoned the mistrial-speedy trial issue is supported by
> the record and, therefore, the district court did not err. *See People v.
> Abeyta*, 923 P.2d 318, 322 (Colo. App. 1996) (Crim. P. 35(c) does not
> permit reservation of claims for consideration at a later date); *see also
> People v. Dash*, 104 P.3d 286, 293 (Colo. App. 2004) (arguments raised
> at trial and not pursued on appeal are considered abandoned).

Pre-Answer Resp. at Ex. L, p. 4-5. If no further post-conviction proceedings had occurred, this claim would indeed be procedurally defaulted, as it appears that the claim was originally rejected by the state court on an independent and adequate state law ground. *See Abeyta*, 923 P.2d at 322; *Dash*, 104 P.3d at 293.

However, Mr. Colvin filed a third post-conviction motion on August 7, 2008. Pre-Answer Resp. at 8. In the third post-conviction motion, Mr. Colvin claimed, *inter alia*, that counsel for his second post-conviction motion provided ineffective assistance by failing to establish (1) justifiable excuse or neglect for his failure to timely file his second post-conviction motion; and (2) that he did not abandon his speedy trial claim from his first post-conviction motion. *See* Pre-Answer Resp. at Ex. P, p. 2. The trial court denied the third post-conviction motion on October 2, 2008. *See* Pre-Answer Resp. at 8. Mr. Colvin filed a notice of appeal, and the CCA affirmed the trial court on November 12, 2009. *See People v. Colvin*, No. 08CA2205 (Colo. App. Nov. 12, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. P).

In examining whether Mr. Colvin's second post-conviction counsel had provided him ineffective assistance "by failing to establish that he did not abandon the mistrial-

13

speedy trial claim from the 1993 motion," the CCA actually addressed to the merits of Mr. Colvin's speedy trial claim. *See id.* at 5. The CCA specifically found as follows: "[w]e have reviewed his mistrial-speedy trial claim and conclude it is without merit. Thus, defendant cannot establish he was prejudiced by **any acts or omission of counsel** pertaining to that claim." *Id.* at 5-6 (emphasis provided) (citing *People v. Garcia*, 815 P.2d 937, 941 (Colo. 1991) (holding a court may examine the prejudice prong first and "if the defendant fails to make an affirmative demonstration of prejudice, then the court may resolve the claim on that basis alone")).

Again, the Court has been directed to "look to the *last* state court decision disposing of a federal claim, and not some intermediate decision, to determine whether the claim is procedurally barred." *Alverson*, 595 F.3d at 1164 (Tymkovich, J., concurring) (emphasis in original) (citing *Coleman*, 501 U.S. at 735). "Only if the last state court opinion to address the claim ignores the procedural bar and reaches the merits may [the court] follow suit." *Id.* at 1164-65 (citing *Yist*, 501 U.S. at 801) (holding "[i]f the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.")). In this case, the last court to address Mr. Colvin's mistrial-speedy trial claim, and any ineffective assistance of counsel related to this claim, addressed his arguments on the merits. *See People v. Colvin*, No. 08CA2205 (Colo. App. Nov. 12, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. P). On this basis, the Court again rejects Respondents' argument that claim 1(b) is procedurally defaulted. The

14

previous state court procedural default notwithstanding, Mr. Coleman has received a review on the merits of claim 1(b) by the state courts, and the claim is now ripe for federal habeas review.

B.  Claim Two

Mr. Colvin's second claim has two subparts, in which he asserts two theories of ineffective assistance of appellate counsel.

1.  Claim 2(a)

In claim 2(a), Mr. Colvin alleges that his appellate counsel provided ineffective assistance because she challenged only three of his prior convictions on direct appeal, rather than all of them. Application at 11-12. Respondents assert that this claim is procedurally defaulted because Mr. Colvin has not previously raised it in the state courts. Pre-Answer Resp. at 22. Having reviewed the state court briefs, the Court finds that Mr. Colvin has not previously raised a claim in the state courts that his appellate counsel was ineffective for failing to challenge all of his prior convictions on direct appeal. *See* Pre-Answer Resp. at Exs. E, I, K, O. In his reply, Mr. Colvin makes no specific arguments demonstrating that he raised this claim in the state courts, nor does he direct the Court to any exhibits demonstrating that this claim has been previously raised. Accordingly, the Court finds that Mr. Colvin has failed to exhaust claim 2(a) in the state courts.

Further, with limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Mr. Colvin from re-asserting claim 2(a) in a post-

conviction proceeding. *See* Colo. R. Crim. P. 35(c)(3)(VII) (courts "shall deny" any claim that could have been raised in a previous appeal or post-conviction proceeding). Mr. Colvin also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim 2(a), therefore, is procedurally barred from federal habeas review and must be dismissed.

    2.    Claim 2(b)

In this claim, Mr. Colvin asserts that his appellate counsel was ineffective for failing to raise the "mistrial-speedy trial issue" on direct appeal. Application at 11-12. Respondents again argue that this claim is procedurally defaulted because the CCA found that Mr. Colvin abandoned this issue. Pre-Answer Resp. at Ex. L, p. 4-5. However, as set forth above, in its November 12, 2009, order denying Mr. Colvin's third post-conviction appeal, the CCA addressed this claim on the merits. *See People v. Colvin*, No. 08CA2205 (Colo. App. Nov. 12, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. P). The CCA specifically found as follows: "[w]e have reviewed his mistrial-speedy trial claim and conclude it is without merit. Thus, defendant cannot establish he was prejudiced by **any acts or omission of counsel** pertaining to that claim." *Id.* at 5-6 (emphasis provided) (citing *Garcia*, 815 P.2d at 941 (holding a court may examine the prejudice prong first and "if the defendant fails to make an affirmative demonstration of prejudice, then the court may resolve the claim on that basis alone")). Accordingly, on this basis, the Court again rejects Respondents' argument that this

claim is procedurally defaulted. Mr. Colvin has received a state court review of claim 2(b), and it is now properly before this Court.

C. Claim Three

In his third claim, Mr. Colvin asserts that his right to a speedy trial was violated when the trial court declared a mistrial and began his trial sixty-seven days later, resulting in a total delay of nearly ten months between his arrest and trial. Application at 11. Respondents assert that Mr. Colvin has not previously raised this claim in the state courts, and therefore, that it is now procedurally defaulted. Pre-Answer Resp. at 23. Again, as set forth above, Mr. Colvin has received a review of the merits of this claim from the state courts. *See People v. Colvin*, No. 08CA2205 (Colo. App. Nov. 12, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. P). Therefore, the Court rejects Respondents' procedural default argument and finds that Claim Three is now ripe for federal habeas review. Accordingly, it is

ORDERED that Claim 2(a) is dismissed as procedurally defaulted. It is

FURTHER ORDERED that Claims 1(a), 1(b), 2(b) and 3 shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __26th__ day of __July__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00896-BNB

Travis Bernard Colvin
Prisoner No. 58997
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Ryan A. Crane
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/26/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk