IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00896-MSK

TRAVIS BERNARD COLVIN,

       Plaintiff,

v.

ANGEL MEDINA, Warden; and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Defendants.

_____

OPINION AND ORDER GRANTING, IN PART, MOTION TO ALTER JUDGMENT

_____

**THIS MATTER** comes before the Court pursuant to Mr. Colvin's Motion to Proceed on Appeal *In Forma Pauperis* **(# 24)**; Mr. Colvin's Motion to Alter Judgment **(# 25)**; Mr. Colvin's Motion to Expand the Record **(# 26)**; and Mr. Colvin's Motion to Take Judicial Notice **(# 28)**.[1]

Other than the motion seeking to proceed *in forma pauperis*, all of Mr. Colvin's motions address an observation by this Court in its November 22, 2010 Opinion and Order **(# 22)** denying Mr. Colvin's Petition for a writ of *habeas corpus*. Among Mr. Colvin's contentions in that Petition was a claim that his trial counsel rendered him ineffective assistance by failing to call Mr. Colvin's co-defendants as witnesses in Mr. Colvin's trial. (Mr. Colvin contends that the co-defendants would have provided testimony exculpating him.) The trial court held an

_____

[1]Also pending is Mr. Colvin's "Motion for Status of Motions" **(# 27)**, inquiring into the status of the above referenced motions. Because this Order resolves all outstanding motions, the "Motion for Status" is denied as moot.

evidentiary hearing on Mr. Colvin's C.R.Cr.P. 35 motion relating to this issue, at which counsel

for both of Mr. Colvin's co-defendants testified.  The trial court found that both counsel testified

that, had Mr. Colvin's counsel asked them if their clients would testify on his behalf, both

counsel would have advised their clients not to testify, as the co-defendants still had appeals of

their own convictions pending.  Mr. Colvin did not dispute the accuracy of this finding as to his

co-defendant Mr. Jones, but this Court understood Mr. Colvin to contend that the testimony by

counsel for his other co-defendant, Mr. Bell, was more equivocal.  Mr. Colvin contends that Mr.

Bell's counsel testified at the hearing that he had no recollection of being asked about whether

Mr. Bell would be willing to testify in Mr. Colvin's trial, and did not testify as to how he would

have advised his client were such a request made.

   In denying Mr. Colvin's Petition, this Court found that Mr. Colvin had not come forward

with the record from the Rule 35 hearing that would corroborate his representations as to the

content of Mr. Bell's counsel's testimony, and thus, his contention that the trial court's factual

finding was erroneous.  This Court noted that 28 U.S.C. § 2254(f) places the burden on a *habeas*

petitioner challenging a state court's factual finding to "produce that part of the record pertinent

to a determination" of the disputed factual issue, and that the burden only shifts to the respondent

to produce the record upon a showing by the petitioner that he was unable to produce the record.

The Court found that Mr. Colvin was not proceeding *in forma pauperis* on his petition, and had

not otherwise shown that he could not produce the transcript from the evidentiary hearing on the

Rule 35 proceeding, and thus, the Court found that Mr. Colvin had failed to support his

contention that the trial court erred in its assessment of Mr. Bell's counsel's testimony.[2]

Mr. Colvin's Motion to Amend Judgment **(# 25)** contends that this Court's Order commits legal error. He cites to cases such as *Bundy v. Wainwright*, 808 F.2d 1410, 1415 (11th Cir. 1987) and Rule 5 of the Rules Governing § 2254 Cases for the proposition that the burden of producing the state court record is on the <u>respondent</u>.

As the Court noted in its Order, 28 U.S.C. § 2254(f) provides that "if the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, <u>the applicant</u>, if able, shall produce that part of the record pertinent." (Emphasis added.) Upon a showing that "the applicant . . . is unable to produce such part of the record, then the State shall produce such part of the record." *Id.* Thus, the statute unambiguously places the burden on the *habeas* petitioner to, in the first

---

[2]The Court also found that Mr. Colvin's own petition for writ of *certiorari* on the trial court's Rule 35 ruling acknowledged that "both counsel said they would advise against testimony of their clients." Mr. Colvin's current motions do not address this finding nor explain how the Court should resolve the inconsistency between the position he took in that petition and the position he takes now.

Mr. Colvin's instant motion also argues that the co-defendants themselves testified at the hearing, stating that they would have testified in Mr. Colvin's case had they been asked. Because the state court made no findings on this point, this Court made no such findings either; rather, this Court assumed that, for purposes of assessing the effectiveness of Mr. Colvin's counsel's assistance, Mr. Colvin's counsel could reasonably assume that Mr. Bell and Mr. Jones would follow the advice of their counsel, and thus, not pursue the matter beyond their counsel's representations that they would advise their clients to decline the request. The relevance of Mr. Bell and Mr. Jones' own thoughts about whether they would have testified if asked is less clear, as the Court's inquiry focuses on the reasonableness of Mr. Colvin's counsel's actions in light of the facts known to him or her at the time, not on the question of whether Mr. Bell and Mr. Jones might have disregarded their counsel's recommendations if asked to testify. (In this regard, the Court is cognizant of Colo. R. Prof. Cond. 4.2, which prohibited Mr. Colvin's counsel from circumventing Mr. Bell and Mr. Jones' counsel and speaking to them directly). Nevertheless, because the Court directs the production of the evidentiary hearing transcript, it will permit Mr. Colvin to make whatever showing he wishes with regard to the testimonies of Mr. Bell and Mr. Jones themselves, in addition to the testimonies of their counsel.

instance, either produce the relevant state court record when challenging a state court's factual finding or to demonstrate that the petitioner is unable to do so.

Mr. Colvin contends that Rule 5 of the Rules Governing § 2254 Cases requires the opposite. That Rule states "the [respondent's] answer must also indicate what transcripts . . . are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant." A liberal reading of this Rule might suggest that it conflicts with §2254(f)'s requirement that the petitioner bear the burden of producing the state court record – assuming the respondent diligently construes its obligation to attach "parts of the transcript" that it "considers relevant," presumably, all of the transcripts necessary for the Court to resolve the contested issues will be submitted by the respondent under Rule 5. This Court's own standard order, issued in all § 2254 cases, is consistent with Rule 5. That order, found at Docket # 16 in this case, directs the respondent to (among other things) "file those portions of the record of trial and/or post-conviction proceedings as are available and relevant to the claims asserted in the Petition" and to "identify those portions of the record that are relevant but not presently available."

Although this Court believes that the apparent conflict between § 2254(f) and Rule 5 is one deserving of judicial attention in the appropriate case,[3] the fact that the Respondents here did not see fit to respond to the instant motions makes clear that this case is not the appropriate one to address that issue. Any number of inferences can be drawn from the fact that the Respondents

---

[3] *Compare e.g. Moore v. Godinez*, 4 F.3d 997 (7th Cir. 1993) (table) (finding that §2254(e) – now redesignated as § 2254(f) – " places the burden on the petitioner to produce the relevant part of the state court record," Rule 5 notwithstanding) *with Watkins v. Waddington*, 106 Fed.Appx. 582, 584 (9th Cir. 2004) (rejecting argument that, pursuant to § 2254(f), the petitioner "should have obtained the transcripts himself," relying in part on Rule 5).

chose not to tender an opposition to Mr. Colvin's motions, but the Court is content to infer from the Respondents' silence that they do not wish to fundamentally oppose Mr. Colvin's argument that it was their burden to produce the record of the evidentiary hearing conducted on Mr. Colvin's Rule 35 motion.  (Indeed, such opposition would have to overcome the fact that the Respondents' failure to produce the relevant record appears to place them in violation of the Court's Order at Docket # 16.[4])

Accordingly, the Court will grant that portion of Mr. Colvin's Motion to Alter Judgment that seeks reconsideration of the Court's November 22, 2010 Order to the extent that it declined to reach the question of whether the state court erred in finding that Mr. Bell's counsel testified that he was asked by Mr. Colvin's counsel whether Mr. Bell would testify on Mr. Colvin's behalf and that Mr. Bell's counsel stated that he would advise Mr. Bell not to do so.  Because

---

[4]From this and other cases, the Court assumes that the Colorado Attorney General's Office – which represents respondents in § 2254 cases – is construing the term "available" in the directive to "file those portions of the record of trial and/or post-conviction proceedings as are available" to mean those portions of the record that are in the possession of the Attorney General's Office.  Thus, the Office routinely produces appellate briefs and orders, attainable from electronic filing systems, but does not produce trial transcripts and other materials that are typically in the possession of local District Attorneys or state court clerks' offices.

It is not the intention of this Court that the term "available" be equated with "possession." Rather, it is the Court's intention that the Attorney General produce all relevant portions of the record, including trial and hearing transcripts, trial court motion papers, etc., that are in existence and capable of being produced, regardless of whose custody they are in.  In this regard, the Court expects that, upon receiving an order like that found at Docket # 16 here, the Attorney General will not only canvass its own records for responsive material, but will make contact with the prosecuting District Attorney's office, the Clerk of the relevant state trial court, and others who are likely to have possession of relevant portions of the record of proceedings, to ascertain what existing documents can be obtained by the Attorney General's Office and produced to this Court, what existing documents cannot be obtained by the Attorney General's Office without a specific directive from this Court (e.g. documents sealed by the trial court), and what documents would be relevant but which never existed or no longer exist.  The Attorney General's response to the Court's Order should separately address each of these categories.

consideration of this question will require a review of the transcript, and upon a finding that Mr.

Colvin has now shown under 28 U.S.C. § 2254(f) that he is unable to produce the transcript of

that hearing, the Court directs that the Respondents obtain and produce the transcript of the

evidentiary hearing held on Mr. Colvin's Rule 35 motion.  (The Court's reading of the record

appears to indicate that this hearing occurred incident to Mr. Colvin's first Rule 35 motion, and

was conducted sometime between 1993 and 1995, but the Court defers to the parties' superior

ability to review the history of the proceedings and locate the relevant hearing.)   The

Respondents shall file that transcript, serving a copy on Mr. Colvin, within 60 days of the date of

this Order.  Mr. Colvin will then have 45 days to file a Supplemental Motion to Alter Judgment,

setting forth his position on this issue, and the Respondents shall have 30 days to file a response.

No further briefing shall be permitted, nor shall Mr. Colvin's brief address any issues beyond

those relating to the issue of the alleged ineffectiveness of his counsel in failing to inquire as to

the willingness of Mr. Bell and Mr. Jones to testify.

For the foregoing reasons, Motion to Proceed on Appeal *In Forma Pauperis* **(# 24)** is

**DENIED AS PREMATURE**, insofar as the Court has agreed to reconsider a portion of the

Order that Mr. Colvin seeks leave to appeal.  Mr. Colvin's Motion to Alter Judgment **(# 25)** is

**GRANTED IN PART**, as set forth above.  Mr. Colvin's Motion to Expand the Record **(# 26)** is

**GRANTED IN PART** to the extent it seeks to have the transcript of the relevant evidentiary hearing filed in this action.  Mr. Colvin's "Motion for Status of Motions" (**# 27**) and Motion to Take Judicial Notice (**# 28**), both of which seek to bring the other motions at issue here to the Court's attention are **DENIED AS MOOT**.

      Dated this 29th day of September, 2011

                                            **BY THE COURT:**

                                            Marcia S. Krieger
                                            United States District Judge