**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 10-cv-00896-MSK

**TRAVIS BERNARD COLVIN,**

      Plaintiff,

v.

**ANGEL MEDINA, Warden; and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,**

      Defendants.

---

**OPINION AND ORDER UPON RECONSIDERATION,
DENYING ADDITIONAL RELIEF**

---

**THIS MATTER** comes before the Court pursuant to the Court's September 29, 2011 Opinion and Order Granting, In Part, Motion to Alter Judgment (**# 30**), Mr. Colvin's Supplemental Motion to Alter Judgment (**# 34**), and the Defendants' response (**# 35**); and Mr. Colvin's Motion Requesting Order for Completion of the Record (**# 36**).[1]

## FACTS

Some explanation of the elaborate factual background and unusual procedural posture of this case is required. Mr. Colvin, along with co-defendants Bell and Jones, was charged with a variety of serious charges in state court in 1987. Due to certain rulings by the trial court, Mr. Jones' trial was severed from the joint trial of Mr. Colvin and Mr. Bell. Both cases proceeded to

---

[1] Also pending is Mr. Colvin's Motion to Take Judicial Notice (**# 29**) of a prior case. The Court noted that case in its September 2011 Opinion, and thus, Mr. Colvin's motion is denied as moot.

1

trial, but in the joint trial of Mr. Colvin and Mr. Bell, an issue arose that required the severance of their trials.    Both Mr. Jones' and Mr. Bell's trials continued to conviction;  Mr. Colvin's separate trial was set to commence a few month later.  The central substantive issue remaining in this case concerns Mr. Colvin's trial counsel's efforts to recruit the co-defendants (who were then either awaiting sentencing or appealing their convictions) to testify on behalf of Mr. Colvin in his own trial, in order to support his defense that he was coerced by Mr. Jones and Mr. Bell into committing the crimes.  Mr. Jones and Mr. Bell did not ultimately testify in Mr. Colvin's case, and Mr. Colvin was convicted of most of the charges against him.

      Mr. Colvin commenced a collateral attack on his conviction under C.R.C.P. 35 in June 1993.  Among the contentions he raised was that his trial counsel had provided him ineffective assistance by failing to inquire whether Mr. Jones and/or Mr. Bell would agree to testify on Mr. Colvin's behalf at his trial.  The trial court conducted two evidentiary hearings on that issue, hearing from the co-defendants' trial counsel in August 1995, and hearing from the co-defendants themselves in September 1995.  (This Court will discuss the testimony at that hearing *infra.*)  On October 18, 1995, the trial court denied the motion in written findings.  As relevant to the issue presented, the trial court found that:

> [Mr. Colvin's trial counsel] did make inquiry with the co-defendants' counsel concerning the availability of either Defendant Jones or Defendant Bell testifying in Defendant Colvin's trial. [The co-defendants' counsel] testified that they would do everything in [their] power to prevent their clients from testifying until such time as all avenues of appeal had been exhausted.

The trial court made no mention or findings with regard to the testimony given by the co-defendants themselves.

      Mr. Colvin appealed the denial of the Rule 35 motion to the Colorado Court of Appeals.

However, for unexplained reason, he submitted only the September 1995 transcript of the co-defendants' testimony at the evidentiary hearing, and did not submit the record of the August 1995 testimony by co-defendants' counsel. Finding that Mr. Colvin had the burden of producing the relevant record, the Court of Appeals concluded that "in the absence of [a complete] record, appellate courts must presume that the actions of the trial court were correct."[2] The Court of Appeals also noted that "whether to call a particular witness is a tactical decision and thus, a matter of discretion for trial counsel." Thus, the Court of Appeals affirmed the denial of Mr. Colvin's Rule 35 motion.

Mr. Colvin filed another Rule 35 motion in 1997, this time attacking the sufficiency of the representation he received from his post-conviction counsel on the appeal of his 1993 Rule 35 motion – *i.e.* that his counsel provided ineffective assistance by not designating the entire evidentiary hearing record. It is not necessary to detail the convoluted procedural path this motion followed; it is sufficient to note that in a February 2008 order affirming the denial of the 1997 Rule 35 motion, the Colorado Court of Appeals explained that it had now had the opportunity to review the full record of the 1995 hearing on Mr. Colvin's initial Rule 35 motion. It noted that:

> At the hearing, defense counsel for both co-defendants testified that they would have advised their clients not to testify at defendant's trial. In addition, defendant's counsel testified that when he asked co-defendants' counsel if their clients would be willing to testify in defendant's trial, both counsel 'communicated that their clients were not willing to testify'. . . Therefore, we conclude that postconviction counsel's failure to designate the

---

[2] Presumably, the Court of Appeals meant "factually correct" – *i.e.* that it would not consider any challenge to the trial court's factual findings in the absence of a complete factual record.

3

>     record did not prejudice defendant because the record indicates
>     that co-defendants would not have testified at defendant's trial.

Mr. Colvin then commenced the instant action, seeking a writ of *habeas corpus* from this Court pursuant to 28 U.S.C. § 2254, raising several issues including the contention that his trial counsel rendered ineffective assistance by not seeking to call Mr. Jones and Mr. Bell as witnesses at his trial.

This Court directed the production of the state court record and briefing from the parties. The record that the parties provided consisted largely of any written opinions issued by the state trial and appellate courts and Mr. Colvin's briefs relating thereto.  Neither side supplied the Court with a transcript of the 1995 evidentiary hearings on Mr. Colvin's first Rule 35 motion, nor otherwise offered any explanation for why the record was not produced.  On November 22, 2010, based upon its review of the record before it, this Court denied **(# 22)** Mr. Colvin's petition on its merits.

With regard to the challenge to his trial counsel's decision not to call the co-defendants at trial, the Court noted that Mr. Colvin appeared to be challenging the trial court's finding that **both** counsel for the co-defendants would have instructed their clients not to testify.  In other words, the Court understood Mr. Colvin to concede that Mr. Jones' counsel had previously testified that she was asked by Mr. Colvin's counsel whether Mr. Jones would testify for Mr. Colvin, and that she responded that, after speaking to Mr. Jones, that he would not.  But Mr. Colvin contended that the record of the evidentiary hearing revealed that counsel for Mr. Bell could not recall discussing the issue with Mr. Colvin's trial counsel, nor could recall discussing the issue with Mr. Bell.

Faced with an apparent challenge to the state court's finding that **both** counsel reported

to Mr. Colvin's trial counsel that their clients would not testify for him, this Court noted that Mr. Colvin had failed to supply the Court with the transcript from the 1995 hearings, and thus, had not carried his burden of demonstrating that the state court's factual findings were incorrect. The Court went on to note that "[o]nce this Court accepts as true the factual finding that counsel for both co-defendants told Mr. Colvin's counsel that they would advise their clients not to testify, Mr. Colvin's claim of ineffective assistance dissapates," and find that "an attorney's decision not to pursue calling a witness whose counsel has represented that they would advise that witness not to testify is [not] performance that falls below an objective standard of reasonableness."

Mr. Colvin promptly moved **(# 25)** to have this Court reconsider its ruling, explaining that he lacked the ability to produce a transcript of the 1995 hearing and that the Court should have required the state to produce it instead. The motion also appeared to raise a slightly different contention than Mr. Colvin had been urging to date: he stated that, regardless of what his co-defendants' counsel had testified to, the co-defendants themselves had testified at the hearing that "they wanted to testify and would have testified regardless of what their trial counsel advised," and thus, it was error for the Colorado Court of Appeals and this Court to have relied upon counsel's statements in finding that the co-defendants were not likely to have testified.

On September 29, 2011, this Court granted **(# 30)** Mr. Colvin's motion to reconsider. After exploring in detail the question of which party was obligated to produce a transcript of the 1995 hearing, the Court assumed that, for purposes of this case, the burden was on the Defendants to do so. Accordingly, the Court granted that portion of Mr. Colvin's motion that sought reconsideration of the Court's prior Order "to the extent it declined to reach the question

of whether the state court erred in finding that Mr. Bell's counsel testified that he was asked by Mr. Colvin's counsel whether Mr. Bell would testify." The Court directed the Defendants to produce the relevant record and granted the parties the opportunity to brief their positions on the issue (expressly advising the parties that the Court was not going to entertain arguments beyond that narrow question).

The Defendants have now produced a transcript of the 1995 evidentiary hearings **(# 32)**. The Court has reviewed the transcript in its entirety and summarizes it as follows.

> • Mr. Jones' counsel testified that the Jones and Colvin/Bell trials proceeded simultaneously, and on the second day of trial, Mr. Colvin's counsel asked her if Mr. Jones would testify in Mr. Colvin's trial. She told Mr. Colvin's counsel that she would convey the request to Mr. Jones, but that she would certainly advise Mr. Jones to decline. She later advised Mr. Colvin's counsel that Mr. Jones had indeed declined the request.
>
> • Mr. Colvin's trial counsel testified that at some point prior to trial, Mr. Colvin had informed him that both Mr. Jones and Mr. Bell would be willing to testify in support of his defense of coercion. Although skeptical, Mr. Colvin's counsel stated that he would speak to the co-defendants' lawyers. He recalled speaking to both co-defendants' counsel at some point prior to the commencement of Mr. Colvin's individual trial, and both counsel informed him that their clients would not be willing to testify.
>
> • Mr. Bell's counsel could not recall whether he had a discussion with Mr. Colvin's counsel about having Mr. Bell testify on Mr. Colvin's behalf. Mr. Bell's counsel was specific that he was not saying that such a conversation did not occur, but merely that he could not recall if it did. However, Mr. Bell's counsel stated that if such a request had been made of him, he would have strongly advised Mr. Bell not to testify for Mr. Colvin, as doing so could potentially compromise Mr. Bell's own ability to challenge his conviction. He testified that he had no further conversations with Mr. Colvin's counsel after the court severed Mr. Colvin's trial from Mr. Bell's.
>
> • Mr. Bell testified that he told Mr. Colvin a few months after

> their arrest that he would be willing to testify in support of Mr. Colvin's defense of coercion.[3] Mr. Bell testified that he never had any discussion with his own counsel about testifying for Mr. Colvin, nor ever discussed that matter with anyone from Mr. Colvin's legal team. Mr. Bell stated that he had wanted to testify on his own behalf in his own trial, but heeded his attorney's advice that it was not favorable for him to do so.
>
> • Mr. Jones' testimony was largely similar to Mr. Bell's testimony. Mr. Jones stated to Mr. Colvin (at some unknown point) that he would be willing to testify in Mr. Colvin's favor, but does not recall ever discussing that issue with his own counsel. He did not testify in his own trial because his attorney advised him that

Mr. Colvin filed the supplemental brief **(# 34)** permitted by the Court. That brief offered several arguments that deviate somewhat from those he had previously pursued in this case: (i) the brief did not pursue Mr. Colvin's prior argument that the state court's factual findings that his counsel inquired of **both** co-defendants' counsel about the co-defendants' willingness to testify; (ii) he argued that his trial counsel was ineffective not because counsel failed to inquire whether the co-defendants would testify in his favor **prior** to the joint trial of Mr. Bell and Mr. Colvin (as the state court found he had), but that counsel was ineffective for not "re-contact[ing]" his co-defendants' counsel **after** Mr. Bell and Mr. Jones had been convicted but before Mr. Colvin's separate trial had begun, "as the circumstances had changed"; (iii) that following their convictions, Mr. Jones and Mr. Bell "were no longer represented by [their trial counsel] and instead were represented by appellate counsel," such that Mr. Colvin's trial counsel "had a continuing obligation to contact [appellate] counsel" – or perhaps the co-defendants

---

[3]Mr. Bell testified in some detail that he directed Mr. Colvin to assist Mr. Bell and Mr. Jones in perpetrating a robbery because Mr. Colvin owed Mr. Jones money. Mr. Bell stated that Mr. Colvin was reluctant to participate, but that Mr. Bell threatened him with a gun, and Mr. Colvin thereafter capitulated.

themselves, Mr. Colvin contemplates – to determine whether the would now testify on his behalf; and (iv) that in assessing whether Mr. Colvin was prejudiced by his counsel's failure to inquire of the co-defendants, the Court is required to assess the whether the **co-defendants** had meritorious issues to pursue on their own appeals, since the testimony they might give on Mr. Colvin's behalf could only be used against them in future proceedings if their convictions were reversed.

In response **(# 35)**, the Defendants argue: (i) Mr. Colvin's entire claim on this point was procedurally defaulted when the Colorado Court of Appeals affirmed the denial of his first Rule 35 motion for failing to submit the complete record, thus preventing this Court from considering it[4]; (ii) Mr. Colvin raises a new theory of ineffectiveness – the failure to "re-contact" counsel and ask again – that has not previously been presented to the state courts and is thus unexhausted and procedurally defaulted; (iii) that the state court made a factual finding that "the co-defendants were **not**, in fact, willing to testify for Colvin at the time of his trial," and that factual finding is supported by the record; and (iv) that on its merits, Mr. Colvin's claim fails to demonstrate ineffective assistance of counsel because it was not unreasonable for counsel to assume that the co-defendants had not changed their minds about testifying.

## **ANALYSIS**

---

[4]The Defendants concede that the Court previously resolved this issue against them by finding that the Court of Appeals' decision to address the claim on its merits in its 2008 order relieved Mr. Colvin of any prior procedural default. Thus, the Defendants themselves appear to be requesting reconsideration of a prior ruling by the Court, a request not properly made in a response brief. D.C. Colo. L. Civ. R. 7.1(C) ("A motion shall not be included in a response or reply[;] a motion shall be made in a separate paper").

The only issue that is squarely before the Court is the issue that Mr. Colvin raised in his Motion to Alter Judgment – that the state court's factual finding that his counsel inquired of both co-defendants was unsupported, insofar as Mr. Jones' counsel testified as to having no recollection of such conversation. Although the Court has some doubt as to whether Mr. Colvin has properly exhausted the new permutations of the argument that his supplemental brief now presents, the Court will nevertheless proceed to examine those claims as well.

### A. Support for state court's findings

As noted above, the state trial court found that Mr. Colvin's counsel "did make inquiry with the co-defendants' counsel" about the co-defendants testifying. Implicit in that finding is the court's conclusion that Mr. Colvin's counsel inquired of **both** co-defendants' attorneys. When it finally reached the merits of Mr. Colvin's claims, the Colorado Court of Appeals also found that Mr. Colvin's counsel "asked co-defendants' counsel if their clients would be willing to testify in defendant's trial, [and] **both** counsel 'communicated that their clients were not willing to testify'." (Emphasis added.)

Pursuant to 28 U.S.C. § 2254(e)(1), factual findings by the state court are "presumed to be correct," and a party challenging such findings must demonstrate the incorrectness of that finding by clear and convincing evidence. To the extent Mr. Colvin contends that the state court's factual finding that his counsel asked Mr. Bell's counsel whether Mr. Bell would testify is incorrect, Mr. Colvin has failed to demonstrate by clear and convincing evidence that the finding is in error. Indeed, a review of the transcript reveals that the finding is correct: Mr. Colvin's counsel unambiguously testified that he had had such a discussion with Mr. Bell's counsel. Although Mr. Bell's counsel could not recall such a conversation taking place, he

emphasized that he was not saying that the conversation did **not** happen, merely that he could not recall having it.  In these circumstances, where one party testifies affirmatively to a certain event and another party testifies to no recollection of that event either way, there is no genuine dispute as to that event.  Thus, because there is no evidence in the record from the 1995 evidentiary hearing that would refute Mr. Colvin's testimony that he did indeed inquire of **both** co-defendants' counsel, the state court's factual finding that he did so was correct.

Once that factual finding is adopted, the reasoning in this Court's November 22, 2010 Order denying Mr. Colvin's petition remains the same.  Mr. Colvin's counsel inquired about the possibility of having the co-defendants testify and was rebuffed by their counsel.  The Court cannot say that the constitution obligated Mr. Colvin's counsel do anything more than that on this issue.  Accordingly, the Court having reconsidered its prior ruling in light of the expanded record, it nevertheless reaches the same conclusion – that Mr. Colvin has not demonstrated any error in the state court's factual findings, and thus, is not entitled to a writ of *habeas corpus* – for the same reasons previously set forth..

**B.  Additional issues**

In the interest of completeness, the Court will briefly address the new arguments that Mr. Colvin has raised for the first time in his supplemental briefing.  He contends that: (i) his counsel was obligated to make a re-inquiry of Mr. Jones' and Mr. Bell's counsel **after** their convictions but before Mr. Colvin's own trial, in case either of them had changed their minds; and (ii) that the inquiry into whether any ineffectiveness by his counsel prejudiced Mr. Colvin, the Court should consider whether Mr. Jones and Mr. Bell would have been likely to testify on his behalf notwithstanding their own pending appeals by determining whether Mr. Jones and Mr. Bell had

meritorious arguments to make on those appeals. The Court rejects the latter contention out of hand, but pauses to briefly address the former.

To the extent that this claim is exhausted and properly before the Court – a finding the Court does not necessarily make[5] – the Court finds it to be without merit. As previously stated, the Supreme Court has established a two-prong test to review ineffective-assistance-of-counsel claims. *See Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Colvin must demonstrate both that his counsel's performance fell below an objective standard of reasonableness and that his counsel's deficient performance was prejudicial to Mr. Colvin. *See id*. at 687. Judicial scrutiny of counsel's performance is "highly deferential," and there is a strong presumption that counsel's performance falls within the range of "reasonable professional assistance." *Id*. If Mr. Colvin fails to satisfy either prong of the *Strickland* test, the ineffective assistance claims fail. *Id.* at 697. Mr. Colvin fails to show that his counsel's performance fell below the standard of objective reasonableness. To repeat, the Court finds that Mr. Colvin's counsel **did** inquire of the co-defendants' counsel whether the co-defendants would testify on Mr. Colvin's behalf, and was told by counsel that both had declined. By all appearances, both attorneys advised Mr. Colvin's counsel that, even if their clients had been disposed to testify, they would have strongly advised them not to do so. Under these circumstances, the Court cannot say that it was objectively unreasonable for Mr. Colvin's counsel to assume that the co-defendants would continue to refuse to testify post-conviction, at least so long as their appeals were pending.

Logic supports this conclusion: Mr. Colvin had previously told his counsel that both co-

---

[5]Because the Court assumes away any issue relating to the claim being unexhausted, Mr. Colvin's request **(# 36)** that the Court direct production of his post-hearing briefs to the trial court in 1995, for purposes of showing exhaustion of the issues urged here, is denied as moot.

defendants had offered to testify on his behalf, and yet when his counsel inquired, at least one counsel (and possibly both) told Mr. Colvin's counsel that they would advise their clients to refuse and indeed, both co-defendants refused to testify. A reasonable inference to draw from these facts is that (assuming both co-defendants' offers to testify to Mr. Colvin were sincere in the first place), both co-defendants had chosen to heed their attorneys' advice rather than to follow their own instincts. Nothing in the record suggests that, post-conviction, either counsel (or indeed, any competent criminal defense counsel) would have given different advice had Mr. Colvin's counsel again requested the co-defendants to testify. Indeed, Mr. Bell's counsel's testimony makes clear that he would have continued to advise his client not to testify post-conviction, lest he compromise his chances at a successful appeal or collateral attack. Accordingly, if the co-defendants had been disposed **pre-**conviction to follow their attorneys' advice and not testify, notwithstanding their own desires to aid Mr. Colvin, it is reasonable to believe that they would continue to refuse to testify **post-**conviction as well, as their counsels' advice would not have changed. Thus, a reasonable attorney in Mr. Colvin's counsel's position, having already been rebuffed once, might very well have concluded that making a second request for the co-defendants to testify was not a productive exercise.[6] Therefore, Mr. Colvin has not shown that his trial counsel's performance was ineffective.

---

[6] This is especially so when one considers the situation from Mr. Colvin's counsel's perspective. Mr. Colvin had told him that the co-defendants wished to testify for him, but when he made inquiries through their counsel, both refused. Whether he thus concluded that Mr. Colvin had been mistaken, or that the co-defendants had been insincere in their promises to him, or that the co-defendants had experienced a change of heart, or any of several other possible explanations, it was clear that testimony would not be forthcoming. Nothing in the record gives any indication of facts that developed thereafter that might suggest to Mr. Colvin's counsel that the co-defendants might have changed their minds post-conviction, and thus, there was no basis for him to believe that a second request would be any more efficacious than the first.

## **CONCLUSION**

For the foregoing reasons, the Court has reconsidered its prior ruling in light of the complete record of the 1995 evidentiary hearing. Despite that reconsideration, the Court finds no basis to alter or amend its November 22, 2010 Opinion and Order. Mr. Colvin's Supplemental Motion to Alter Judgment **(# 34)** is **DENIED**. Mr. Colvin's Motion Requesting Order for Completion of the Record **(# 36)** and Motion to Take Judicial Notice **(# 29)** are **DENIED AS MOOT**.

Dated this 9th day of September, 2012

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge